Argued and submitted February 24, affirmed May 18, reconsideration granted by
opinion November 30, 1988
See 94 Or App 187 (1988)

## PROPERTY MANAGEMENT SERVICES, INC.,
*Respondent,*

*v.*

## PMC VILLAGE INN, LTD.,
*Appellant.*

(16-85-04666; CA A44641)

754 P2d 611

Thomas Thetford, Salem, argued the cause for appellant. With him on the brief was Eckley & Associates, Salem.

Alan M. Spinrad, Portland, argued the cause for respondent. On the brief was Kevin E. Brannon and Samuels, Samuels, Yoelin & Weiner, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman, Judges.

WARDEN, P. J.

**WARDEN, P. J.**

Plaintiff brought this action seeking strict foreclosure of a land sale contract. The trial court granted plaintiff's motion for summary judgment and entered a judgment of strict foreclosure and gave plaintiff a money judgment. We have considered the issues raised by defendant on appeal, reject them without discussion and affirm the judgment in favor of plaintiff. We write only to discuss plaintiff's request that we assess a penalty against defendant under ORS 19.160, which provides:

> "Whenever a judgment or decree is affirmed on appeal, and it is for recovery of money, or personal property or the value thereof, the judgment or decree shall be given for 10 percent of the amount thereof, for damages for the delay, unless it appears evident to the appellate court that there was probable cause for taking the appeal."

Under that statute, we "shall" assess the 10 percent penalty if (1) the judgment below was for recovery of money, (2) we affirm that judgment and (3) we determine that there was no probable cause for taking the appeal. *Broyles v. Brown,* 295 Or 795, 800, 671 P2d 94 (1983). Here, the judgment was for $1,914,845.70, and we affirm it. We must next determine if probable cause existed for taking the appeal.

Probable cause for taking an appeal exists when "any reasonable lawyer would conclude that any of the legal points asserted on appeal possessed legal merit." *Broyles v. Brown, supra,* 295 Or at 801. Stated differently, " 'probable cause for appeal' * * * means [that] there is presented a case in which [the] appellant has assigned, or may assign, grounds that are open to doubt, or are debatable, or over which rational, reasonable or honest discussion may arise." *Broyles v. Brown, supra,* 295 Or at 801. Applying those standards, we hold that defendant had no "probable cause" for taking this appeal. The only discernible cause for taking the appeal was to delay the effect of the judgment. We therefore grant plaintiff's request that a penalty be assessed against defendant for 10 percent of the amount of the judgment, $191,484.57.

Affirmed; judgment of $191,484.57 awarded respondent pursuant to ORS 19.160.